UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BAKER, JR., ELGRON
TAYLOR, JOHN WALTERS, BRANDON
FRANCISQUE, C. RODRIGEZ,
MICHAEL WILKINS, EARL JAY
SLATON, ERIK THOMAS BARTLESON
and RICHARD HOLLOWAY,

      Plaintiffs,

v.                                       Case No.: 2:19-cv-226-FtM-38MRM

CARMINE MARCENO, TRINITY
FOOD SERVICE GROUP INC and
LEE COUNTY SHERIFF'S
DEPARTMENT,

      Defendants.
_____/

## **ORDER**[1]

      Before the Court is Defendant Lee County Sheriff's Department's Motion to Dismiss Amended Complaint (Doc. 24), which Defendant Trinity Food Service Group adopts (Doc. 29) and Plaintiffs oppose (Doc. 32).[2] Plaintiffs are nine *pro se* detainees who bring this "Federal Class Action" suit because the food served at the Lee County jail allegedly amounts to cruel and unusual punishment under the Eighth Amendment. (Doc. 20). The Amended Complaint is the operative pleading.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court liberally construes Plaintiffs' filing titled, "Motion to Strike Defendants Motion to Dismiss" (Doc. 32) as their opposition to dismissing the Amended Complaint. Despite the title, Plaintiffs do not move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rather, they object to the Court granting Lee County Sheriff's motion.

But the Sheriff moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because the pleading makes incoherent allegations, does not separate claims into discrete counts, and asserts general accusations not targeted at the specific Defendants. (Doc. 24). The Sheriff identifies another issue: this is a putative class action suit with Plaintiff David Baker Jr., a *pro se* prisoner, to serve as the proposed representative. For the below reasons, the Court agrees with the Sheriff.

No *pro se* litigant can serve as a class representative. See *Bass v. Benton*, 408 F. App'x 298, 298-99 (11th Cir. 2011) ("We have interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing 'a personal right that does not extend to the representation of the interests of others." (other citation omitted)); *Young v. Scott*, 2:16-cv-581-FtM-99CM, 2016 WL 4441581, at *3 (M.D. Fla. Aug. 23, 2016) (dismissing an amended complaint because a *pro se* prisoner could not prosecute a class action); *Smith v. Polk County, Fla.*, No. 8:05-cv-884-T24-MAP, 2005 WL 1309910, at *1 (M.D. Fla. May 31, 2005) ("It would be plain error to allow a *pro se* litigant to represent fellow inmates in a class action."). Not allowing Baker to represent to the class also follows the Prisoner Litigation Reform Act, which stops inmates from joining in a single civil rights suit to share the mandatory filing fee. See *Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001) (stating "the intent of Congress in promulgating the [Prisoner Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee").

The Amended Complaint also does not allege enough factual matter to state a plausible Eighth Amendment violation. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted). The Eighth Amendment requires prison officials to provide humane treatment. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Thomas v. Bryant*, 614 F.3d 1288, 1306 (11th Cir. 2010) (stating "[t]he Constitution does not mandate comfortable prisons" only humane treatment). To state a claim for an unconstitutional condition of confinement, as alleged here, "extreme deprivations" are required. *Hudson*, 503 at 8-9. Plaintiffs' Eighth Amendment claim centers on them allegedly being deprived "2800 daily calories." (Doc. 20 at 3). But nowhere do they cite any regulations establishing this caloric minimum to plead an extreme deprivation. Nor do they allege facts showing that the jail's food poses an unreasonable risk of serious damage to their health. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The Constitution requires that prisoners be provided 'reasonably adequate food.'" (citations omitted)); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). At most, the Amended Complaint contains conclusory allegations of malnourishment and unpleasant meals. This is not enough. *See Hamm*, 774 F.2d at 1575 ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Oliver v. Whitehead*, No. 3:14-cv-1506-J-39JRK, 2017 WL 26860, at *14 (M.D. Fla. Jan. 3, 2017) (rejecting an Eighth Amendment claim about prison food when the plaintiff did not provide facts "supporting a claim of unhealthy weight loss" or "medical problems" associated with the food).

Although the Amended Complaint's defects cannot be cured by amendment at this stage, each individual Plaintiff may state his own claim by filing a new complaint in a new case and either pay the filing fee or move to proceed *in forma pauperis*.

Accordingly, it is now

**ORDERED:**

(1) Defendant Lee County Sheriff's Department's Motion to Dismiss Amended Complaint (Doc. 24) is **GRANTED**. The Amended Complaint is **dismissed without prejudice**.

(2) The Clerk of Court is **DIRECTED** to enter judgment, terminate any pending motions, and close the file.

**DONE and ORDERED** in Fort Myers, Florida on this 2nd day of January 2020.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record